Filed 6/16/26  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085226 |
| v. | (Super.Ct.No. RIF2105125) |
| ROBERTO HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Roberto Hernandez appeals the judgment, after a jury convicted him of having unlawful sexual intercourse with a minor under the age of 16. (Pen. Code[1], § 261.5, subd. (d).) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe (the victim) lived with her family. Defendant and his wife and children rented an apartment behind the victim's house. Defendant and his family lived there for approximately two years and moved out of the apartment when the victim was 15 years old. After they moved, defendant kept communicating with the victim through Facebook, text messages, and phone calls. At one point when they were talking on the phone, defendant asked the victim if she wanted to have sex with him.

On April 28, 2021, defendant picked the victim up from her residence. She was 15 years old at the time, and he was 26 years old. Defendant took her to a Motel 6. The victim waited in the car while defendant went and got a room. When he came back to get her, the victim said she did not want to go with him. Defendant forced her out of the car and took her upstairs to the room. Defendant removed her clothing, even though she told him to stop; then took off his own clothes. He pushed her onto the bed and had sex with her, even though she said "no" multiple times and tried pushing him away. They eventually left the motel,

_____

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

and defendant dropped the victim off at the corner by her house and told her not to tell anyone. The victim did not tell anyone because she was scared.

A few months later, the victim told her sister what happened with defendant. Her sister then told their mother. The victim's mother took the victim to the police station. The victim told the police that defendant took her to a motel and raped her. An officer went to the motel she identified and obtained a record showing defendant rented a room on April 28, 2021.

On November 23, 2021, the victim returned to the police station to make a pretext phone call to defendant, with the police monitoring it. Prior to the phone call, the police used her phone to send text messages to defendant. At some point during the texting, defendant called and spoke with the victim. They agreed to meet at a Circle K market. During the pretext call, the victim said, "We're just going to be there, right? You're not going to do anything to me." The victim told him she did not want to have "the same thing from last time to happen again." Defendant kept asking why not, and she eventually said she would think about it. The victim asked if they were going to a motel again and asked him to bring condoms. The police went to the Circle K, found defendant in his car, and arrested him. When an officer searched defendant, he found a box of condoms on his person. Defendant was transported to the police station.

A police investigator interviewed defendant at the station. During the interview, defendant admitted he took the victim to the Motel 6 on April 28, 2021, and had sex with her, but said he did not force her.

Defendant was charged by information with having unlawful sexual intercourse with a minor under the age of 16 (§ 261.5, subd. (d), count 1) and arranging to meet with a minor for the purpose of lewd and lascivious behavior (§ 288.4, subd. (b), count 2).

A jury found defendant guilty on count 1, but not guilty on count 2. The court placed him on probation for a period of two years under specified conditions and ordered him to register as a sex offender under section 290.006.[2]

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the trial court abused its discretion by imposing a 10-year sex offender registration requirement under sections 290 and 290.006. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

---

[2] We note the court found that defendant committed the offense for the purpose of sexual gratification and ordered defendant to register as a sex offender under section "290.06 as a Tier 1 offender." It appears that either the court misspoke or the clerk erred in transcribing, as section 290.006, rather than section 290.06, requires sex offender registration "as a tier one offender" "if the court finds at the time of conviction or sentencing that the person committed the offense . . . for purposes of sexual gratification." (§ 290.006, subds. (a) & (b).)

4

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                                    
                                    J.


We concur:

MILLER                         
            Acting P. J.
RAPHAEL                       
                J.